IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 1:22-CR-77

TOSHEMIE WILSON

**ORDER**

On June 29, 2022, a criminal complaint was filed under seal charging Toshemie Wilson with production of child pornography in violation of 18 U.S.C. § 2251(a) and with possession or access with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Doc. #1. The complaint and its attached supporting affidavit were unsealed on July 1, 2022, upon the occurrence of Wilson's initial appearance. On July 7, 2022, the government filed a motion to "seal the Criminal Complaint and Affidavit in this case" pursuant to the Child Victims' and Child Witnesses' Rights Act, 18 U.S.C. § 3509, because "[t]he Affidavit contains initials of cooperating victims, dates of attendance at a small public Mississippi high school, as well as other identifying details." Doc. #14 at 1. Wilson, through counsel, advised the Court that he does not object to the relief requested.

Pursuant to the Child Victims' and Child Witnesses' Rights Act, "[a]ll papers to be filed in court that disclose the name of *or any other information* concerning a child shall be filed under seal without necessity of obtaining a court order." 18 U.S.C. § 3509(d)(2) (emphasis added). Although the affidavit attached to the criminal complaint here does not reference the alleged victims by name, the other information it provides most likely will result in the alleged victims'

identification. And while the alleged victims may no longer classify as children under the Act,[1] "[t]he protection of § 3509(d) applies even when victims are no longer underage [because] the protection of a minor's privacy will mean little if the cloak protecting that privacy disappears simply upon reaching the age of majority." *United States v. Weber*, No. 17-50033, 2020 WL 5531562, at *2 (D.S.D. Sept. 15, 2020) (cleaned up) (collecting cases). Restricting access to the affidavit is therefore warranted.

However, the criminal complaint itself does not reference the alleged victims or contain any identifying information related to them which justifies sealing under § 3509. As such, given the "presumption in favor of the public's access to judicial records,"[2] the Court sees no reason to restrict access to the criminal complaint.

Accordingly, the government's motion [14] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks to have access to the affidavit restricted from public access. It is DENIED in all other respects. The Clerk of Court is **DIRECTED** to permanently restrict access to the affidavit [1-1] to only the case participants and court users.

**SO ORDERED**, this 11th day of July, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Under the Act, "the term 'child' means a person who is under the age of 18, who is or is alleged to be—(A) a victim of a crime of physical abuse, sexual abuse, or exploitation; or (B) a witness to a crime committed against another person." 18 U.S.C. § 3509(a)(2)(A)-(B).

[2] *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848–49 (5th Cir. 1993).