IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 1:22-CR-77

TOSHEMIE WILSON

## ORDER

On June 29, 2022, a criminal complaint was filed against Toshemie Wilson charging him with production of child pornography in violation of 18 U.S.C. § 2251(a) and with possession or access with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).[1] Doc. #1. On July 7, 2022, the government filed a "Motion for Protective Order for Pretrial Proceedings" citing the Child Victims' and Child Witnesses' Rights Act, 18 U.S.C. § 3509, and the Crime Victim's Rights Act, 18 U.S.C. § 3771. Doc. #15. The government requests the issuance of a protective order providing "that the minor victims in this case be referred to by generic names during all unsealed proceedings and filings, and that all reasonable efforts be made to prevent the public dissemination of the minors' identifying information and potentially identifying information." *Id.* at 3. As cause, the government represents that the affidavit attached to the criminal complaint

> contains initials of at least three (3) cooperating victims, all of whom were minors during the time alleged, dates of attendance at a small public Mississippi high school, as well as other identifying details.
>
> The United States has just been alerted that the Affidavit has been circulated in the small community affected and disseminated to at least one cooperating victim.
>
> ….
>
> … If no protective measures are taken, and the minor victims' identities become

---

[1] On July 20, 2022, Wilson was indicted on ten counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a), involving nine different victims. Doc. #25.

>known or publicly discoverable, they may be unnecessarily traumatized and may learn of their victimization from private investigators, peers, media coverage, or the Internet.

*Id.* at 1, 3–4. Wilson, through counsel, advised the Court that he does not object to the relief requested.

Because the Court concludes that both the Child Victims' and Child Witnesses' Rights Act and the Crime Victim's Rights Act apply to this case[2] and that, given the nature of the pending charges in this case, a protective order is warranted accordingly, the motion for protective order [15] is **GRANTED**. A protective order consistent with the proposed protective order submitted by the government will be issued.

**SO ORDERED**, this 22nd day of July, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Under the Child Victims' and Child Witnesses' Rights Act, "the term 'child' means a person who is under the age of 18, who is or is alleged to be—(A) a victim of a crime of physical abuse, sexual abuse, or exploitation; or (B) a witness to a crime committed against another person." 18 U.S.C. § 3509(a)(2)(A)-(B). While based on the dates contained in the affidavit and in the indictment the alleged victims may no longer classify as children under this definition, "[t]he protection of § 3509(d) applies even when victims are no longer underage [because] the protection of a minor's privacy will mean little if the cloak protecting that privacy disappears simply upon reaching the age of majority." *United States v. Weber*, No. 17-50033, 2020 WL 5531562, at *2 (D.S.D. Sept. 15, 2020) (cleaned up) (collecting cases).