IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 1:22-CR-77

TOSHEMIE WILSON

**ORDER**

Before the Court is Toshemie Wilson's "Motion to Set Aside and/or Reconsider Order to Hold Defendant without Bond." For the reasons explained below, the motion will be denied.

**I
Relevant Procedural History**

On June 29, 2022, a criminal complaint was filed against Toshemie Wilson charging him with production of child pornography in violation of 18 U.S.C. § 2251(a) and with possession or access with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Doc. #1. At his initial appearance on the criminal complaint, United States Magistrate Judge David A. Sanders remanded Wilson to the custody of the United States Marshal pending a hearing on the government's oral motion for detention. Doc. #3. At the detention hearing held July 5, 2022, Judge Sanders granted Wilson's release under a $10,000 unsecured bond with multiple release conditions. Docs. #10, #12.

The next day, the government filed a "Motion for Emergency Review and Revocation of a Release Order" seeking this Court's "review and revocation of the decision … to release [Wilson] and to order instead that he be held without bond pending trial." Doc. #13 at 8. This Court held an evidentiary hearing on the motion on July 13, 2022. Doc. #22. At the evidentiary hearing, the government called one witness, FBI Special Agent Molly Blythe. Doc. #31. Wilson neither called witnesses nor offered documentary evidence. After considering the evidence presented and the

arguments of counsel, this Court granted the government's motion and ordered Wilson's detention, concluding that Wilson posed a danger to the community and that there was no condition or combination of conditions that would ensure the safety of the community from Wilson. One week later, a grand jury indicted Wilson on ten counts of sexual exploitation of a child, all in violation of 18 U.S.C. § 2251(a) and (e). Doc. #25.

Five days following his indictment, Wilson filed a "Motion to Set Aside and/or Reconsider Order to Hold Defendant without Bond" regarding this Court's July 13 detention ruling. Doc. #29. The government responded in opposition to the motion three days later. Doc. #30. Wilson replied in support of his motion on August 2, 2022. Doc. #36.

## II
## Discussion

Wilson's arguments seeking reconsideration of this Court's detention ruling are (1) "since outset of these allegations [he] has posed no threat to anyone in the community, any alleged victims, nor has he been a flight risk;" (2) "denial of bond creates a heavy financial burden upon [him] and his family;" (3) "he has multiple medical issues" and "should be re-released so that he can properly monitor, treat, and accommodate his medical needs and necessities;" and (4) the government's opposition to his release "was provided by third-party hearsay, supposition and conjecture." Doc. #29 at PageID 77–80.

The government responds that Wilson "has failed to present any new evidence, or evidence not available to him at the hearing held July 13, 2022" and has "failed to identify any manifest errors of law or fact in the Court's finding." Doc. #30 at 2–3.

Wilson's reply describes what he "can offer" and "would show" on the issue of detention—specifically, that (1) "since the date of the last hearing, [he] was indicted and arraigned in the Monroe County Circuit Court" and was "allowed … to remain on the same bond that [he]

2

previously posted nearly two (2) years prior to his indictment;" (2) "his sister … is an experienced nurse, and can offer testimony in [his] support;" (3) his "other sister … is a social worker employed by the Mississippi Department of Child Protective Services, and is fully aware of the dangers victims can encounter [and] can offer testimony that in all of her expertise, she does not believe that [he] would cause any harm to anyone in the community, the alleged victims and their family members, or himself, should he be released on bond." Doc. #36 at PageID 116–17.

As this Court stated at the evidentiary hearing, a rebuttable presumption of detention applies to Wilson given the nature of the crimes charged against him in the criminal complaint (and now the crimes charged against him in the indictment). *See* 18 U.S.C. § 3142(e)(3)(E). To rebut the presumption, Wilson has the burden to produce some "evidence that he does not pose a danger to the community or a risk of flight." *United States v. Slaughter*, __ F. Supp. 3d. __, 2020 WL 1685117, *3 (S.D. Tex. Apr. 6, 2020) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). However, Wilson presented absolutely no *evidence* at the July 13 hearing; he proceeded only on the *arguments* of his counsel. In the absence of evidence to rebut the government's evidence, Wilson failed to carry his burden.

The government is correct that Wilson's motion for reconsideration does not raise anything new or different from that which he argued at the July 13 hearing. At the hearing, Wilson argued without supporting evidence that the government's motion should be denied because "he's not a flight risk and not a danger to the community," he is "a severe diabetic," and "the government has simply made allegations." These conclusory statements were considered by this Court in granting the government's motion to set aside the order authorizing Wilson's release. While Wilson identifies in his reply—rather than in his initial motion—certain matters and individuals that purportedly "would show" he is not a flight risk or a danger to the community, no such matters or

individuals were presented at the evidentiary hearing. Nor did Wilson attach any evidence to his reply to substantiate what he says such matters and individuals "would show." What is pertinent here is not what Wilson would or could show but his failure to show anything at all evidence-wise.

To the extent Wilson characterizes some of the government's evidence as hearsay,[1] he not only fails to identify what specific evidence that is but he also failed to object to it at the hearing. Regardless, because "[d]etention hearings are not governed by the rules concerning admissibility of evidence in criminal trials, … the court may rely on hearsay testimony." *United States v. Lee*, 156 F. Supp. 2d 620, 623 (E.D. La. 2001) (collecting authorities, including 18 U.S.C. § 3142(f)); *see* 18 U.S.C. § 3142(f) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing."). And again, other than argument, Wilson offered nothing to rebut the evidence the government introduced through its testifying witness.[2]

## III
## Conclusion

Wilson's "Motion to Set Aside and/or Reconsider Order to Hold Defendant without Bond" [29] is **DENIED**.

**SO ORDERED**, this 5th day of August, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] In cross-examining the government's witness, some of the questions Wilson's counsel asked solicited testimony that could be deemed hearsay as much as what Wilson may deem hearsay offered by the government.

[2] Wilson's failure to offer evidence to support his position extends to his arguments about his health and financial status, which are factors to consider in determining the detention issue but not alone dispositive. *See United States v. Bean*, No. 13-cr-120, 2013 WL 4046707, at *3 (D. Colo. Aug. 8, 2013 ("[F]actors [listed in 18 U.S.C. § 3142(g)] are not necessarily equiponderant, and none is statutorily preponderant or dispositive."). The Court considered his arguments in this respect in ruling in favor of detention.